UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANCE N.,[1]<br><br>               Plaintiff,<br><br>   v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>               Defendant. | Case No.: 3:24-cv-02491-VET<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**[Doc. No. 3]** |

---

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 405(g) (2022)] will refer to any non-government parties by using only their first name and last initial."

1

On December 30, 2024, Plaintiff Constance N. ("Plaintiff") filed this action, seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her application for disability insurance benefits ("Complaint"). Doc. No. 1. Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs under 28 U.S.C. § 1915. Doc. No. 3 ("IFP Application"). For the reasons stated below, the Court **DENIES WITHOUT PREJUDICE** the IFP Application.

I. DISCUSSION

Except for writ of habeas corpus applications, all parties instituting a civil action, suit, or proceeding in a United States district court must pay a filing fee of $405.[2] *See* 28 U.S.C. § 1914(a). An action may proceed without paying the filing fee only if the party is granted *in forma pauperis* ("IFP") status. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

To proceed IFP, an applicant does not need to be "absolutely destitute" but must adequately prove her indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To that end, an applicant must provide the Court with a signed affidavit "that includes a statement of all assets which shows inability to pay initial fees or give security." CivLR 3.2.a. The affidavit proving indigence should allege "that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty"). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); *see also* U.S. COURTS, DISTRICT COURT MISCELLANEOUS FEE SCHEDULE § 14 (effective Dec. 1, 2023), available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id*.

earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id*. at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

In support of the IFP Application, Plaintiff represents that she has no wages, but her spouse earns $6,400 a month from his job at an automative shop. Doc. No. 3 at 2. Whether spousal income may be considered in the ability to pay inquiry is a fact question based on a particular plaintiff's circumstances. *See Escobedo*, 787 F.3d at 1236. Here, Plaintiff's affidavit suggests that her spouse's income is available to her. In fact, Plaintiff lists no expenses for basic necessities and instead her affidavit shows that her spouse incurs and presumably pays for Plaintiff's basic necessities, including rent, utilities, food, and clothing. Doc. No. 3 at 4–5. The household reported monthly expenses include rent, utilities, clothing, food, transportation, and medical expenses, estimated to total $5,620 per month. *Id*. at 5. As assets, Plaintiff lists a 2018 Chevy Suburban and a 2016 Toyota 4Runner, both with an estimated value of $32,000-$35,000. *Id*. at 3. Additionally, Plaintiff represents that she and her spouse have over $1,000 in a bank account. *Id*. at 2. Plaintiff also has two minor children.

Based on the foregoing, it appears that Plaintiff's spouse shares his income with her and thus the spouse's income should be included in evaluating the IFP Application. If the Court includes Plaintiff's spouse's monthly earnings, then Plaintiff's available monthly income exceeds her and her spouse's monthly expenses by approximately $780, almost double the filing fee. This amount is in addition to the $1199 available to Plaintiff in a bank account, which is nearly three times the filing fee. Given these calculations, Plaintiff is seemingly able to pay the filing fee and still afford the necessities of life. *See Edward C. v. Colvin*, No. 24-cv-02257-JLB, 2024 U.S. Dist. LEXIS 222493, at *4 (S.D. Cal. Dec. 9,

2024) (denying IFP where monthly household income was $3,725 and monthly expresses totaled $2,379 because Plaintiff could pay the filing fee and still afford the necessities of life.).

However, the IPF Application lacks sufficient information about whether Plaintiff's spouse's income is in fact available to her and whether they share the spouse's income and household expenses. Accordingly, the Court denies the IFP Application without prejudice. Should Plaintiff elect to renew her IFP Application, additional information should be provided concerning these issues.

## II. CONCLUSION

Based on the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Application. Doc. No. 3. On or before March 12, 2025, Plaintiff must either (1) file a renewed application for leave to proceed in forma pauperis or (2) pay the requisite filing fee, otherwise her case may be dismissed.

**IT IS SO ORDERED**.

Dated:  February 12, 2025

Honorable Valerie E. Torres
United States Magistrate Judge